## THE MARY C. BLACK.
## THE WILLET.

District Court, S. D. New York.
Feb. 20, 1930.

Macklin, Brown, Lenahan & Speer, of New York City, for libelant.

W. F. Purdy, of New York City, for claimant.

COXE, District Judge.

I have no difficulty in finding as a fact that the barge Mary C. Black was injured by the impact of ice in the vicinity of Pier 64, North River, on January 27, 1927, while being towed by the steam tug Willet. The barge was loaded with grain at Jersey City on the early morning of January 27, 1927, and while so loaded, was placed alongside the tug Willet on her starboard side, and towed in that way to Pier 58, North River, and thence to Pier 64, North River, where the barge was left at about 11 a. m. The barge master discovered the broken planks in the bow of the barge very soon after he had tied up at Pier 64. He then notified the owners of the Willet by telephone, who at once sent a tug to Pier 64 to render assistance.

From this testimony, I think it can hardly be disputed that the damage to the barge was done just prior to her arrival at Pier 64, and that it was caused by floating ice in the river. Who then was responsible for the damage? On that point, the cases are clear that the Willet must be held at fault for not towing the barge astern on hawsers instead of alongside. Concededly, there was considerable ice on the New York side of the river on the morning of January 27, 1927, and, inasmuch as the Willet had been at Piers 58 and 59 earlier in the morning, she must have known of the ice conditions existing there. I think, too, the ice was sufficient in extent and amount to require special precaution on the part of the tug. Something more was demanded of the tug than pushing the barge as an ice breaker through the ice.

But it is insisted that the barge could not, while loaded, be properly towed bow first on hawsers astern of the tug because of her tendency to sheer and yaw. This, however, was denied by the barge master, and I cannot say that it was impossible or impracticable to tow the barge astern on hawsers. The Bern (C. C. A.) 213 F. 630. Neither do I find anything to show that there was difficulty in towing the barge stern first instead of bow first on hawsers. I am loath also to believe that a barge, such as the Mary C. Black, over twenty-five years old, could have remained for so long a period of time under such a serious handicap as testified to by the claimant's witnesses. I am therefore forced to conclude that the barge could and should have been towed astern, and that it was negligence on the part of the Willet to have brought her to Pier 64, under the conditions existing, without some special protection from the ice in the river.

The libelant may therefore have a decree against the Willet for full damages.